UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVIN LAST, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>M-I, L.L.C.,<br><br>Defendant. | Case No. 1:20-cv-01205-DAD-BAK<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO SEAL<br><br>(ECF No. 35) |

Before the Court is Defendant M-I, LLC's ("Defendant") request to seal documents to be filed by Plaintiff Donovin Last ("Plaintiff") in support of his motion for class certification. (ECF No. 35.) According to the request, Plaintiff seeks to file (1) Defendant's Basic Mud School Lab Manual; and (2) Defendant's Drilling Fluids Manual in their entirety in support of the motion for class certification. (*Id.*) Plaintiff filed a statement of non-opposition to the request. (ECF No. 35.) For the following reasons, the Court will grant Plaintiffs' request to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a

1

strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

Two standards govern whether documents should be sealed: a "compelling reasons" standard and a "good cause" standard. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). The key in determining which standard to apply is "whether the motion is more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016). The "good cause" standard presents a lower burden for the party wishing to seal documents. *Pintos*, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." *Id.* (quoting *Phillips*, 307 F.3d at 1213).[1]

Plaintiff seeks to file the documents at issue in connection with a motion for class certification. Defendant argues that there is good cause to seal the documents because they contain commercially sensitive information. (ECF No. 35.) Specifically, Defendant explains that the Basic Mud School Lab Manual is a training manual provided to prospective drilling fluid specialists who attend Defendant's training program. (*Id.* at 3.) The Drilling Fluids Manual is an internal reference manual used during initial training, as well as for ongoing guidance of drilling fluid specialists as they perform various aspects of their jobs in the field. (*Id.*) Defendant developed these materials over a number of years and Defendant considers and treats them as "confidential proprietary commercially sensitive information." (*Id.*) They have never been voluntarily produced in any litigation unless designated as confidential and protected from disclosure. (*Id.*) Defendant has invested considerable time and money in their development, refinement, and implementation. (*Id.*) These documents are confidential and should not be disseminated publicly. (*Id.*) If a competitor obtained Defendant's training and operations manuals, it would disadvantage Defendant because those competitors would have the benefit of the guides without incurring the administrative and legal expense of developing their own

---

[1] Additionally, under Local Rule 141, a party's "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

materials. (*Id.*) Defendant also notes that Plaintiff intends to file the entire documents in the public record, without attempting to parse out relevant from non-relevant material. (*Id.* at 4.)

As an initial matter, although Defendant argues that the request should be evaluated under the good cause standard, the Court finds that the compelling reasons standard applies because a motion for class certification is more than tangentially related to the merits of the underlying action. *See Trevino v. Golden State FC, LLC,* 2020 WL 550702, at *2 (E.D. Cal. Feb. 4, 2020) (applying the compelling reasons standard to a request to seal documents in connection with a motion for class certification); *Larson v. Harman-Management Corp.,* 2018 WL 623592, at *2 (E.D. Cal. Jan. 30, 2018) (same); *Racies v. Quincy Bioscience, LLC,* 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017) (same).

However, the Court finds that Defendant have made an adequate showing that there are compelling reasons for sealing the Basic Mud School Lab Manual and the Drilling Fluids Manual. Here, the documents at issue contain confidential information regarding Defendants' policies and procedures, and the disclosure of this information could cause Defendant competitive harm. *See Trevino,* 2020 WL 550702, at *2 (finding compelling reasons standard satisfied where disclosure of documents concerned a party's human resources policies and procedures and could cause competitive harm); *In re High-Tech Employee Antitrust Litigation,* 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (sealing portions of a motion for class certification that included the defendant's compensation and recruiting strategies, policies, and procedures); *Frost v. LG Electronics, Inc.,* 2017 WL 6044067, at *2 (N.D. Cal. Nov. 28, 2017) *Felix v. Davis Moreno Const., Inc.*, 2008 WL 2009867, at *1 (E.D. Cal. Aug. 1, 2008) ("A court may order the sealing of court records when they contain confidential or otherwise sensitive business information."). Thus, Defendant has adequately articulated compelling reasons for maintaining confidentiality of the information at issue given the potential competitive harm that may result from public disclosure. Additionally, in light of the fact that Plaintiff, and not Defendant, seeks to file the documents at issue and it is Defendant's understanding that Plaintiff intends to file the documents in full, the Court finds that the request is sufficiently narrowly tailored.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to seal (ECF No. 35) is GRANTED;

3

2. Basic Mud School Lab Manual and the Drilling Fluids Manual shall be filed and maintained under seal; and

3. Counsel shall comply with the procedures described in Local Rule 141(e)(2)(i) regarding disposition of the documents for sealing.

IT IS SO ORDERED.

Dated:  **January 11, 2022**         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4