UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVIN LAST, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>M-I, L.L.C.,<br><br>Defendant. | Case No.  1:20-cv-01205-DAD-BAK<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO SEAL<br><br>(ECF No. 54) |

Before the Court is Defendant M-I, LLC's ("Defendant") request to seal documents to be filed by Defendant in support of its opposition to Plaintiff Donovin Last's ("Plaintiff") motion for class certification. (ECF No. 54.) According to the request, Plaintiff seeks to file: (1) Individual Settlement Release for Opt-In Plaintiffs for three former employees/contractors; and (2) Waiver and Releases signed by 24 current or former employees upon separation of their employment. (*Id.*) For the following reasons, the Court will grant Defendant's request to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a

strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

Two standards govern whether documents should be sealed: a "compelling reasons" standard and a "good cause" standard. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). The key in determining which standard to apply is "whether the motion is more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016). The "good cause" standard presents a lower burden for the party wishing to seal documents. *Pintos*, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." *Id.* (quoting *Phillips*, 307 F.3d at 1213).[1]

Plaintiff seeks to file the documents at issue in connection with a motion for class certification. Defendant argues that the Waiver and Releases should be sealed because they contain Defendant's and non-parties' sensitive and private information. (ECF No. 54.) The settlement releases, in turn, are confidential and contain financial information of non-parties. (*Id.*)

As an initial matter, the Court finds that the compelling reasons standard applies because a motion for class certification is more than tangentially related to the merits of the underlying action. *See Trevino v. Golden State FC, LLC,* 2020 WL 550702, at *2 (E.D. Cal. Feb. 4, 2020) (applying the compelling reasons standard to a request to seal documents in connection with a motion for class certification); *Larson v. Harman-Management Corp.,* 2018 WL 623592, at *2 (E.D. Cal. Jan. 30, 2018) (same); *Racies v. Quincy Bioscience, LLC,* 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017) (same).

Here, the Court finds that Defendant has made an adequate showing that there are compelling reasons for sealing the Individual Settlement Release for Opt-In Plaintiffs and the Waiver and Releases. These documents contain confidential information regarding Defendants' policies and procedures, and the disclosure of this information could cause Defendant competitive

---

[1] Additionally, under Local Rule 141, a party's "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

harm. Additionally, the documents contain private information, including financial information, of non-parties. Thus, Defendant has adequately articulated compelling reasons for maintaining confidentiality of the information at issue given the privacy interests and potential competitive harm that may result from public disclosure. Additionally, Plaintiff has not submitted an opposition to the motion and the time to do so has expired. *See* E.D. Cal. L.R. 141(C). Further, the Court finds that the request is sufficiently narrowly tailored as it is limited to those documents that contain sensitive, confidential, and private information.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to seal (ECF No. 54) is GRANTED;
2. The following documents shall be filed and maintained under seal:
   a. Individual Settlement Release for Opt-In Plaintiffs for three former M-I employees/contractors;
   b. Waiver and Releases signed by 24 current or former M-I employees upon separation of their employment; and
3. Counsel shall comply with the procedures described in Local Rule 141(e)(2)(i) regarding disposition of the documents for sealing.

IT IS SO ORDERED.

Dated: __May 27, 2022__                    /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

3