UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVIN LAST, *an individual, on behalf of himself and all others similarly situated*,<br><br>        Plaintiffs,<br><br>   v.<br><br>M-I, L.L.C.,<br><br>        Defendant. | Case No. 1:20-cv-01205-KES-EPG<br><br>ORDER RE: SUPPLEMENTAL BRIEFING FOR DISMISSAL PURSUANT TO F.R.C.P. 23(e) AND 41(a)(1)(A)(ii) OF A PAGA CLASS ACTION EVEN WHEN NO CLASS HAS BEEN CERTIFIED<br><br>(ECF No. 113) |

This matter is now before the Court is the parties joint stipulation of dismissal of the action pursuant to Rule 23(e) and Rule 41(a)(1)(A)(ii) filed on July 1, 2026. (ECF No. 113) Upon review of the stipulation, and the applicable statutes and case law, the Court finds that supplemental briefing would assist the Court in this matter.

In the parties' joint stipulation, they state the following

Plaintiff Donovin Last ("Last" or "Plaintiff") and Defendant M-I, LLC ("M-I") (collectively "the Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, this case has been stayed pending arbitration pursuant to the Court's February 12, 2024, Order (Doc. 90.)

WHEREAS, the parties to this action have settled all claims in the related state court action Carney et al. v. California Resources Corporation, et al, Case No. BCV-15-101729 (Kern County Superior Court) (hereinafter "the Carney Action");

WHEREAS, the plaintiffs in the Carney Action, who include Last, filed a third amended complaint encompassing the claims herein, and as such, the claims raised in this case have

1

been released as part of the settlement of the Carney Action;

WHEREAS, the Court in Carney has entered judgment on April 15, 2026;

WHEREAS, despite having been filed as a putative class action, no class has been certified in this action (Last's motion to certify having been denied as moot) and Plaintiff's individual claims have been compelled to arbitration. (Allred v. Chicago Title Co., No. 19CV2129-LAB (AHG), 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020) ("Although the motion seeks dismissal of all claims with prejudice, the Court construes this as a request to dismiss Plaintiffs' own claims with prejudice, and putative class claims without prejudice.") (citing Fed. R. Civ. P. 23(e)).)

THEREFORE, subject to the terms and conditions of the settlement and Judgment in the Carney action, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Donovin Last and Defendant M-I, LLC hereby stipulate to lift the stay in this action, dismiss the individual claims of Plaintiff Donovin Last with prejudice, and dismiss the class claims in this action without prejudice. Also, subject to the terms of the settlement and the Judgment in the Carney Action, the Parties agree that there shall be no attorney's fees and costs awarded in this action.

(*Id.* at 3).

As an initial matter, the Court notes that, a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is effective without a court order. *See Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."). However, some courts have recognized an exception in the putative class action context:

An action may be dismissed pursuant to Rule 41 by filing a "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). However, Rule 23(e) governs the dismissal of class actions, even before class certification has occurred. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (holding "that Rule 23(e) applies before certification").

Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* Although the court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether class members would be prejudiced by:

(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file

2

other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id.* Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.*

*Dickey v. Vital One Health Plans Direct, LLC*, No. 1:18-CV-01399-DAD-BAM, 2020 WL 1046838, at *1-2 & n.1 (E.D. Cal. Mar. 4, 2020) (internal quotation marks and citation omitted) (noting that despite Rule 23(e) being amended in 2003 to make clear that court approval was not needed for putative class actions that resolved only individual claims, and there is uncertainty whether *Diaz* applies in light of the amendments, "district courts in the Ninth Circuit continue to apply the standard articulated by the Ninth Circuit in *Diaz* because it strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals.").

While the parties state that no class has been certified and Plaintiff's individual claims will be dismissed with prejudice and the class claims will be dismissed without prejudice, the Court prefers to err on the side of caution to ensure that putative class members are protected.

Accordingly, IT IS ORDERED as follows:

1. By no later than July 20, 2026, the parties shall file supplemental briefing addressing the factors set forth above.

**IT IS SO ORDERED.**

**DATED:**   **July 2, 2026**                    /s/ *Erica P. Grosjean*
                                        **UNITED STATES MAGISTRATE JUDGE**

3